COMMONWEALTH TRUST COMPANY, EXECUTOR OF ESTATE OF MARGARET
C. HOLDERMAN, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*Lora J. Moore, et al v. State, Supra, followed.* This case is controlled by the decision of the Court in the case of *Lora J. Moore, ex. etc. v. State, Supra.*

Edward J. Brundage, Attorney General, for State.

The evidence shows, and same is admitted by the State, that Margaret C. Holderman died testate, December 17, A. D. 1915, a resident of Harrisburg, Pennsylvania. No administration in this State; but letters were issued to petitioners in Dauphin County, Pennsylvania.

On the fourteenth day of June, A. D. 1916, the County Judge of Cook County, Illinois, entered an order assessing an inheritance tax of said estate of two hundred eighty-eight and 04/100 dollars ($288.04), and same was paid to County Treasurer of Cook County, less a discount of five per cent.

Thereafter, on the fifth day of September, A. D. 1918, the acting County Judge of Cook County entered an order vacating and setting aside for want of jurisdiction, so much of said order as attempted to assess a tax upon transfer by said decedent of shares of stock in foreign corporations, and which were included in said order of assessment. On hearing the County Court, granted prayer of petition and found that the said prior order validly assessed a tax less discount of two hundred three and 05/100 dollars ($203.05) ; and that claimants (petitioners) were entitled to a refund of seventy and 59/100 dollars ($70.59).

The evidence in the case is sufficient. In case number thirty-three, of *Lora J. Moore, Executrix, etc.,* v. *State* filed at this term, it was stipulated and agreed by the Attorney General for the State and Walter K. Lincoln, attorney for claimant, and that the finding and opinion in said cause should govern the case at bar, and quite a number of other cases mentioned in the stipulation, except as to the amounts to be allowed.

The Attorney General admits that if a refund is granted in said case of *Lora J. Moore, Executrix,* v. *State,* that claimant herein is entitled to a refund of seventy and 59/100 dollars ($70.59).

For reasons for this allowance see opinion in said Lora J. Moore case above referred to.

The Court awarded a refund in said Lora J. Moore case, and agreeably to the stipulation mentioned and from evidence submitted in this case, the Court awards the claimant the sum of seventy and 59/100 dollars ($70.59) refund.